UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS, | 1:15-cv-00401-EPG-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1.) |
| STANISLAUS COUNTY SHERIFF'S DEPT., et al., | THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |
| Defendants. | |

Plaintiff Tom Mark Franks ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 2, 2015.  (ECF No. 1.)[1]  In Plaintiff's Complaint, Plaintiff claims that he was improperly housed with an inmate known to be dangerous.

This Court has screened Plaintiff's Complaint and finds that it fails to state a claim as to any defendants.  Plaintiff fails to describe facts indicating that any individual defendant acted with deliberate indifference to his safety.  This order provides an explanation of the relevant

---

[1] On March 26, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

law to inform the Plaintiff should he desire to file an amended complaint.  Plaintiff may file an amended complaint attempting to state a claim within thirty days.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II.    SUMMARY OF COMPLAINT

Plaintiff alleges in his Complaint that he was celled with Joe Dixon even though Mr. Dixon had pulled a razor knife on Plaintiff one and a half years before.  On October 24, 2014,

Plaintiff received 45 stitches from being attacked by Mr. Dixon.  Plaintiff alleges he is scared for his life and that the staff is responsible.

**III.**    **ANALYSIS OF PLAINTIFF'S CLAIMS**

   **A.**    **Legal Standards**

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.  To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted).  Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'"  Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted].  The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004).  Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights,

that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" <u>Clement v. Gomez</u>, 298 F.3d 898, 905 (9th Cir. 2002); <u>see also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."), abrogated on other grounds by <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. <u>Farmer</u>, 511 U.S. at 833. A prison official violates this duty when two requirements are met. <u>Id.</u> at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." <u>Id.</u> Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." <u>Id.</u> at 834, 839–40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837. Deliberate indifference is "something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." <u>Id.</u> at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." <u>Id.</u> at 842.

**B.     Analysis of Plaintiff's Claims in Light of Legal Standards**

The Court finds that Plaintiff has failed to state a claim under these legal standards because Plaintiff does not state any facts that demonstrate that any particular defendant was aware of the risk and deliberately disregarded that risk. Instead, Plaintiff names the Sheriff's Department itself, a sergeant, and various correctional officers. It is not clear from the Complaint what Plaintiff told any individual defendant, what their response was, and what role each of them had in the decision to house Plaintiff with Mr. Dixon.

Additionally, Plaintiff's Complaint lacks facts indicating that he suffered an attack as a result of being in the same cell as Mr. Dixon. Plaintiff's Complaint suggests that the attack was

due to being in the same cell as Mr. Dixon, but it does not describe the basic facts needed to draw this conclusion.  If Plaintiff chooses to amend the Complaint, Plaintiff should also describe the circumstances of the attack, i.e., when it happened, where it happened, whether the attack was a result of being in the same cell as Mr. Dixon.

## IV.    CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court will dismiss this complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above. This amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what those defendants knew and what they did or failed to do to address the risk to Plaintiff.  Plaintiff should also describe how and when he was hurt to support Plaintiff's claim that Mr. Dixon attacked Plaintiff because they were put in a cell together.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

5

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00401-EPG-PC; and

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **April 11, 2016**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE