1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOM MARK FRANKS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SERGEANT KIRK, *et al*.<br><br>　　　　Defendant. | Case No. 1:15-cv-00401-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 26) |

　　　　Plaintiff Tom Mark Franks is proceeding *pro se* and *in forma pauperis* in this action alleging violations of 42 U.S.C. § 1983. On December 5, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 26.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. The Court thus construes Plaintiff's motion as a motion to request the voluntary assistance of counsel.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Plaintiff argues that exceptional circumstances exist because he is currently incarcerated and thus has limited ability to litigate. (ECF No. 26.) He also contends that a trial in this case "will likely involve conflicting testimony" and that an attorney would assist him in presenting evidence.

Plaintiff's case does not demonstrate the exceptional circumstances required for the appointment of counsel. The Court oversees dozens of cases involving incarcerated individuals and Plaintiff's claims are no more complex than any other claim brought by an incarcerated plaintiff. Nor is a trial concerning conflicting testimony unique or exceptional—only cases with significant disputes of fact, after all, *should* proceed to trial.

Plaintiff's motion to request the voluntary assistance of counsel (ECF No. 26) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 8, 2016**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE