UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS<br><br>   Plaintiff,<br>v.<br><br>SERGEANT KIRK, *et al.*,<br><br>   Defendants. | Case No. 1:15-cv-00401-EPG (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS AT TRIAL**<br><br>(ECF No. 62) |

  Plaintiff Tom Mark Franks is proceeding *pro se* and *in forma pauperis* in this action alleging violations of 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim for failure to protect against Defendants Kirk, Wygt, and Mauldin. (ECF No. 17).

  Plaintiff alleges that, one and a half years before October 25, 2014, inmate Joe Dixon ("Dixon") pulled a razor-knife on him, and the two were separated for safety. Three weeks prior to October 25, 2014, Plaintiff was detained at Public Safety Center in Modesto, California. He told Defendant Deputy Wygt about the prior knife incident, and asked not to be in the same cell with Dixon. Plaintiff also wrote to Defendant Sergeant Kirk and asked for a change of cell classification. The requests were intercepted by Defendant Deputy Mauldin. Despite these notifications, Plaintiff was housed with Dixon. On October 25, 2014, Dixon attacked Plaintiff and cut him several times. (ECF No. 16).

1

On February 12, 2018, the Court denied Defendants' motion for summary judgment in this action. (ECF No. 53). A trial is now scheduled in this action for June 19, 2018. (ECF No. 31). The Court directed the parties to serve and file a motion for the attendance at trial of any incarcerated witness no later than March 21, 2018. (ECF No. 56).

On March 21, 2018, Plaintiff filed his motion to compel the attendance of Joe Dixon (CDCR #AX4625) at trial. (ECF No. 62). Plaintiff argues that Joe Dixon is a key witness to the case as he is a percipient witness to the events giving rise to this action. *Id.* Plaintiff also argues that Dixon can testify as to the events during and surrounding his housing reclassification in October 2014, and is likely to have knowledge of the disputed facts in this case. *Id.*

On March 22, 2018, Defendants filed a statement of non-opposition to the motion to compel. (ECF No. 64).

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006); *accord Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Here, the testimony of the incarcerated witness is central to resolving the dispute in this action. Thus, a "cost-benefit analysis regarding whether the inmate should come to court," *Cummings*, 2006 U.S. Dist. LEXIS 9381 at *7, leaves the Court with one conclusion: Joe Dixon should be allowed to come to court.

Accordingly, IT IS HEREBY ORDERED that the motion for the attendance of an incarcerated witness, (ECF No. 62), is granted. Approximately one month before the trial the Court will issue a writ of habeas corpus ad testificandum, ordering that Joe Dixon (CDCR #AX4625), who is currently housed at Mule Creek State Prison, 4001 Highway 104, Ione CA 95640, be transported to the court on the date(s) of the trial.

IT IS SO ORDERED.

Dated: **March 23, 2018**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE