# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM MARK FRANKS,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT KIRK, *et al*.<br><br>    Defendants. | Case No. 1:15-cv-00401-EPG (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE AND TO TRANSMIT ENTIRE RECORD TO COURT OF APPEALS**<br><br>(ECF No. 116) |

On March 2, 2015, Tom Mark Franks ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action alleging failure to protect in violation of his constitutional rights against Kirk, Wygt, and Mauldin ("Defendants"), deputies with the Stanislaus County Sheriff's Department. (ECF Nos. 16, 17.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge. (ECF Nos. 8, 25.)

On June 19, 2018, the action proceeded to a jury trial. (ECF Nos. 94, 96.) Plaintiff was represented by appointed *pro bono* counsel, Justin A. Palmer. The jury returned a verdict in favor of Defendants and against Plaintiff on June 20, 2018, (ECF Nos. 96, 98), and judgment was entered on June 28, 2018, (ECF No. 103).

On July 26, 2018, Plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59, arguing that (1) the verdict was against the weight of the evidence introduced at trial and (2) the verdict was internally inconsistent and cannot be reconciled.

1

(ECF No. 107.) On September 28, 2018, the Court held a hearing on the motion, at which appointed *pro bono* counsel appeared on Plaintiff's behalf. (ECF No. 111.) The Court denied the motion in a written decision on October 18, 2018, (ECF No. 112), and Plaintiff appealed the determination, (ECF No. 113). On November 19, 2018, the appeal was processed to Court of Appeals for the Ninth Circuit, (ECF No. 114), and was assigned case number 18-17237, (ECF No. 115).

On January 2, 2019, Plaintiff, appearing *pro se*, filed a "Motion for Transcripts at Government Expense and to Transmit Entire Record to Court of Appeals," (ECF No. 116), which is now before the Court.

Plaintiff requests that the entire record of the trial be transmitted to the Ninth Circuit. Plaintiff further requests that the Court provide him with a transcript of the September 28, 2018 hearing. Plaintiff contends that he needs the transcript of the hearing because his appeal is based on the denial of the motion for a new trial.

Initially, Plaintiff's appeal has been processed to the Ninth Circuit, (ECF No. 114), and the appellate court has access to the electronic record in this case, including the transcripts of the proceedings at trial, (ECF Nos. 105, 106). Thus, Plaintiff's request that the Court transmit transcripts of the trial to the Ninth Circuit is denied as moot.

Plaintiff's request for a transcript of the oral argument is also denied. A litigant proceeding *in forma pauperis* on appeal may move to have transcripts produced at government expense pursuant to two statutes: 28 U.S.C. § 1915 and 28 U.S.C. § 753(f). Pursuant to 28 U.S.C. § 1915(c):

> [T]he court may direct payment by the United States of the expenses of (1) *printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court*; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) *printing the record on appeal if such printing is required by the appellate court*, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the

2

Administrative Office of the United States Courts.

(emphasis added). Here, the Ninth Circuit has not informed this court that printing of the record on appeal, including the hearing transcript, is required in this action.

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *See also Maloney v. E. I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967); *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." *Tuggles v. City of Antioch*, C08–01914JCS, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); *see also Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012).

Plaintiff contends that he is appealing the denial of the motion for a new trial on three grounds: (1) the verdict was against the weight of the evidence introduced at trial; (2) the verdict is inconsistent because the jury violated the Court's express instructions; and (3) the jurors were sleeping during the trial. The Court finds that the appeal is not frivolous, and presents, at least in part, a substantial question that is properly considered on appeal.

Nevertheless, Plaintiff has failed to set forth any arguments why the transcript of this oral argument is needed for the appellate court to resolve the questions on appeal. The Court did not make any ruling at the September 28, 2018 hearing. Instead, the Court issued a written decision, (ECF No. 112), on the motion for new trial based on the transcripts of the trial, (ECF Nos. 105, 106), and the briefing on the motion, (ECF Nos. 107, 109, 110). These documents were made available to Plaintiff. In addition, the Ninth Circuit has access to the court's file in this case, and will request any necessary documents in the record directly from this court. Thus, a transcript of the September 28, 2018 hearing is unnecessary for proper resolution of Plaintiff's appeal.

\\\
\\\

1 | Based on the foregoing, Plaintiff's "Motion for Transcripts at Government Expense and
2 | to Transmit Entire Record to Court of Appeals," (ECF No. 116), is DENIED.

IT IS SO ORDERED.

Dated:  **January 17, 2019**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

4